## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGG SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3701** |
| **TERMINIX PEST CONTROL, INC.** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Defendant Terminix Pest Control, Inc.'s Motion to Dismiss (Doc. 5). For the following reasons, the Motion is **GRANTED IN PART.**

### BACKGROUND

This case arises out of Plaintiff Gregg Smith's termination from his employment with Defendant Terminix Pest Control, Inc. In August 2021, Defendant issued a notice to all employees that they must receive the COVID-19 vaccine by September 15, 2021, as an ongoing condition of employment. This notice had an exception for "a disability verified by a physician that prevents you from taking the vaccine."[1] Plaintiff's Complaint alleges that he told Defendant that he did not want to receive the vaccine because it would violate his religious beliefs to receive a vaccine derived from aborted fetal cell lines.[2] Additionally, Plaintiff stated that "he could not give Informed Consent because he was afraid to take the Covid-19 vaccines due to fear of long term adverse

---

[1] Doc. 1 at 3.
[2] *Id.* at 4.

effects in light of his asthma."[3] Furthermore, Plaintiff alleges that Defendant refused his requested accommodations without explaining how granting him an accommodation would result in undue hardship to the business.[4] Plaintiff refused to receive the COVID-19 vaccination and was fired on August 25, 2021.[5]

On March 14, 2022, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging violations of the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 ("The Civil Rights Act"). He received a Notice of Right to Sue Letter on August 2, 2022. Plaintiff timely filed suit in this Court on October 6, 2022, alleging violations of the Emergency Use Authorization Provision,[6] The Civil Rights Act,[7] the ADA,[8] and the Louisiana Employment Discrimination Law ("LEDL").[9]

Now before the Court is Defendant's Motion to Dismiss Plaintiff's Claims with Prejudice. Plaintiff opposes.[10]

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[11]  A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the

---

[3] *Id.* at 3.
[4] *Id.* at 4.
[5] *Id.*
[6] 21 U.S.C. § 360bbb-3.
[7] Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.
[8] 42 U.S.C. § 12101.
[9] LA. REV. STAT. § 23:301.
[10] Doc. 10.
[11] Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

reasonable inference that the defendant is liable for the misconduct alleged."[12] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[13]   The Court need not, however, accept as true legal conclusions couched as factual allegations.[14]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[15]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[16]  Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[17]

## LAW AND ANALYSIS

Defendant argues that Plaintiff fails to establish viable causes of action under the Emergency Use Statute, the ADA, and The Civil Rights Act. Without these claims, Defendant further argues that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim. Plaintiff opposes, stating that he did adequately plead his claims. The Court will address each claim individually.

a. *The Emergency Use Statute*

Plaintiff alleges that Defendant's mandatory COVID-19 vaccination policy violates his rights under the Emergency Use Authorization statute by denying him the right to accept or refuse the administration of the vaccine.[18]

---

[12] *Id.*
[13] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[14] *Iqbal*, 556 U.S. at 667.
[15] *Id.*
[16] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[17] *Lormand*, 565 F.3d at 255–57.
[18] Doc. 1 at 5.

The Emergency Use Authorization statute provides that "the Secretary may authorize the introduction into interstate commerce . . . a drug, device, or biological product intended for use in an actual or potential emergency" subject to various conditions, including that those who take the drug, device, or biological product "are informed . . . of the option to accept or refuse administration of the product."[19] Defendant argues that the Emergency Use Statute does not provide a right of action under which an individual may sue a private employer, and as such, Plaintiff cannot state a claim. Plaintiff responds that the plain language of the Emergency Use Statute has been violated, namely the requirement that "individuals to whom the product is administered are informed . . . of the option to accept or refuse administration of the product."[20] Plaintiff argues that he exercised his rights to refuse the administration of the product and was fired, which constitutes a violation of the Emergency Use Statute.

The Court disagrees with this characterization of the law. This statute authorizes the Secretary of Health and Human Services to approve medical products for use in an emergency and "requires the Secretary to ensure product recipients understand the 'potential benefits and risks of use' and 'the option to accept or refuse administration of the product.'"[21] This statute gives the Secretary of Health and Human Services power to act in an emergency. It does not confer a private right to sue. Indeed, the Fifth Circuit has confirmed that this provision "neither expands nor restricts the responsibilities of private employers; in fact, it does not apply at all to private employers . . . It does not confer a private opportunity to sue the government, employer, or worker."[22]

---

[19] 21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(I)-(III).
[20] Doc. 10 (citing 21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(I)-(III)).
[21] Bridges v. Houston Methodist Hosp., 543 F. Supp. 3d 525, 527 (S.D. Tex. 2021), *aff'd sub nom.* Bridges v. Methodist Hosp., No. 21-20311, 2022 WL 2116213 (5th Cir. June 13, 2022).
[22] *Id.*

Thus, Plaintiff's claim under the Emergency Use Statute does not have merit and must be dismissed.[23]

      *b. American With Disabilities Act*

Plaintiff claims that he was discriminated against based on his medical disability. Defendant argues that Plaintiff did not plausibly allege a violation of the ADA. Plaintiff claims his medical disability is asthma and fear of vaccines in light of his asthma.[24] He alleges that this fear of long-term adverse effects in light of his asthma constitutes a disability because he is "substantially limited in a major life activity, i.e., being able to take certain medications and/or vaccines."[25]

"To make out a prima facie case of discrimination under the ADA, a plaintiff must show that (a) he has a disability; (b) he is a qualified individual for the job to which he is applying; and (c) that an adverse employment decision was made solely because of his disability."[26] 42 U.S.C. § 12102(a) defines a "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual."[27] Major life activities include working, seeing, hearing, speaking, and breathing.[28]

Defendant argues that Plaintiff does not allege enough facts to support the existence of a disability, much less how his alleged disability substantially limits a major life activity. Plaintiff states that he has asthma and "fear of long-

---

[23] *Id.* Plaintiff attempts to distinguish his case from *Bridges;* however, his arguments fail. There, the District Court for the Southern District of Texas addressed this precise issue, held that there was no private right to sue under the Emergency Use Statute, and was affirmed on appeal to the Fifth Circuit Court of Appeals. *See also* Symantha Reed et al. v. Tyson Foods, Inc., No. 21-CV-01155, 2022 WL 2134410, at *11 (W.D. Tenn. June 14, 2022) (holding that "there is no private right of action under [21 U.S.C. § 360bbb]").
[24] Doc. 1 at 3.
[25] *Id.*
[26] Still v. Freeport-McMoran, Inc., 120 F.3d 50, 51–52 (5th Cir. 1997).
[27] 42 U.S.C. § 42102(a).
[28] 42 U.S.C. § 12102(2)(A).

term adverse effects in light of his asthma" which substantially limits his ability to take certain medications and vaccinations.[29] The Court finds that the inability to take certain medications and vaccinations is not a major life activity akin to speaking, breathing, seeing, or hearing.[30] Viewing all facts in the light most favorable to Plaintiff, the Court finds that he does not plead the necessary facts to show that he has a disability under the ADA. As such, Plaintiff's ADA claim fails.

### c. Retaliation

Plaintiff alleges that "Defendant's retaliation against Plaintiff was immediate and unwavering."[31] However, Plaintiff does not explain any further. To plausibly plead a claim, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[32] As the Court cannot ascertain under which law the Plaintiff is suing, and thus, what the requisite elements are, he did not state a claim upon which relief can be granted.

### d. Title VII of the Civil Rights Act of 1964

---

[29] Doc. 1 (Plaintiff alleges that he has asthma and "fear of long-term adverse effects in light of his asthma" which substantially limits his ability to take certain medications and vaccinations"). In Plaintiff's Memorandum in Opposition to this Motion, he advances a different argument: his asthma and "fear of long-term adverse effects in light of his asthma" constitute a disability under the ADA because he is unable to work in "any occupation and with any employer that requires a Covid vaccine," and that working is a major life activity. Doc. 10 at 5–6. The Court may not consider this argument as it was not pleaded in Plaintiff's Complaint.

[30] Hustvet v. Allina Health Sys., 910 F.3d 399, 411 (8th Cir. 2018) (holding that there was "insufficient evidence in the record to support the conclusion that Hustvet's chemical sensitivities or allergies substantially or materially limit her ability to perform major life activities" where she had never "sought any significant medical attention when experiencing a chemical sensitivity, taken prescription medication because of a serious reaction, or had to leave work early because of a reaction.").

[31] Doc. 1 at 9.

[32] Lormand, 565 F.3d at 255–57.

Defendant argues that Plaintiff fails to state a claim under the Civil Rights Act because he did not allege a factual connection between his sincerely held belief and his termination. Plaintiff alleges that his religious beliefs prohibit him from taking a vaccine that was "derived from aborted fetal cell lines," and that in response to his refusal to receive the vaccine, his employment was terminated.[33]

A Civil Rights Act plaintiff bears the burden to prove a prima facie case of discrimination by a preponderance of the evidence.[34] "An employee proves a prima facie case of religious discrimination by showing that the employee: (1) has a bona fide religious belief that conflicts with an employment requirement; (2) informed the employer of this belief; and (3) was disciplined for failure to comply with the conflicting employment requirement."[35] An adverse employment action must be "materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."[36] The Court notes that at this stage, however, "a plaintiff need not make a prima facie showing of discrimination under the *McDonnell Douglas* framework in order to survive a motion to dismiss," as the prima facie "framework is an evidentiary standard and not a pleading requirement."[37] Plaintiff's Complaint will be evaluated under the "ordinary rules for assessing the sufficiency of a complaint."[38]

Plaintiff alleges he told Defendant that it would violate Plaintiff's sincerely held religious beliefs to take a vaccine derived from aborted fetal cell

---

[33] Doc. 1 at 4.

[34] Moore v. Metro. Hum. Serv. Dist., No. 09-6470, 2010 WL 1462224, at *4 (E.D. La. Apr. 8, 2010).

[35] Jenkins v. State of La., Dept. of Corrections, 874 F.2d 992, 995 (5th Cir. 1989) (citing Turpen v. Missouri–Kansas–Texas R.R. Co., 736 F.2d 1022, 1026 (5th Cir. 1984)).

[36] Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).

[37] Harrison v. Mayorkas, No. CV 21-161, 2021 WL 5907713, at *6 (E.D. La. Dec. 14, 2021).

[38] *Id.*

lines.[39] As a consequence for his refusal to receive the vaccine, he was fired. The Court finds that, taking these allegations as true, Plaintiff has established a prima facie case of religious discrimination. As such, Plaintiff's claim for religious discrimination survives Defendant's Motion to Dismiss.

 *e. Louisiana Employment Discrimination Law*

 Defendant requests that this Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims in the event Plaintiff's claims under the Emergency Use Statute, the ADA, and the Civil Rights Act are dismissed. Plaintiff's claim for religious discrimination under the Civil Rights Act is not dismissed, and thus, this request is denied. The Court shall maintain supplemental jurisdiction over Plaintiff's state law claims.

## CONCLUSION

 For the foregoing reasons, Defendant's Motion (Doc. 5) is **GRANTED IN PART**. Plaintiff's claims under the Emergency Use Statute, the ADA, and for retaliation, are **DISMISSED**. Plaintiff shall amend his Complaint within 20 days of this Order to the extent that he can remedy the deficiencies identified herein.

   New Orleans, Louisiana this 19th day of May, 2023.

          _____
          **JANE TRICHE MILAZZO**
          **UNITED STATES DISTRICT JUDGE**

---

[39] Doc. 1 at 4.